

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:09-CR-68 |
| | § | |
| DEVON ANDRE MARTIN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Devon Andre Martin, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #79) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on January 5, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.   Procedural History

On December 18, 2009, Judge Crone sentenced Mr. Martin after he pled guilty to the offense of felon in possession of a firearm, a Class C felony.   Judge Crone sentenced Defendant to 120 months imprisonment followed by a 3 term of supervised release; subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health aftercare, and a $100 special assessment.   On August 2, 2018, Devon Martin completed his period of imprisonment and began service of the supervision term.   On October 7, 2009, the Court modified Mr. Martin's conditions of supervision to include 180 days placement in a residential reentry center, no contact with Harriet Hill or Dethra Moore, anger management, and alcohol abstinence.

### .B.   Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory

condition of release in the following manner:

> *The defendant shall not commit another federal, state, or local crime.*

On September 19, 2019, Mr. Martin was arrested by the Port Arthur, Texas, Police Department for two counts of Assault Causes Bodily Injury-Family Violence, a Class A misdemeanor in violation of Texas Penal Code Sec. 22.01(a)(1); Resisting Arrest, Search, or Transport, a Class A misdemeanor in violation of Texas Penal Code Sec. 38.03(a); and Possession of a Controlled Substance in Penalty Group 1, less than 1 gram, a State Jail Felony in violation of Texas Health and Safety Code Sec. 481.115.[1]

### C.  Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegations in the petition to revoke.  Specifically, the Government would establish that on December 18, 2009, Judge Crone sentenced the defendant in this case.  As part of that sentence, Mr. Martin was ordered not to commit another federal, state, or local crime as a condition of his supervised release. The Government would further show that on September 19, 2019, the Port Arthur Police Department arrested Mr. Martin for two misdemeanor charges and one felony charge in violation of the Texas Penal Code.  Finally, the Government would submit a certified judgment from Jefferson County Court at Law No. 3 showing that Mr. Martin was ultimately adjudged guilty of the Class A misdemeanor of Assault.

Defendant, Devon Andre Martin, offered a plea of true to the allegations.   Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a

---

1  The Petition further sets forth factual allegations made the basis of Mr. Martin's arrest on September 19, 2019.  For the sake of brevity, the Court incorporates that background information by reference but need not restate the entirety of the allegations related to his arrest here.

new state misdemeanor crime in violation of his supervision conditions.

### D.   Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.   *See* 18 U.S.C. § 3583(e)(3).   The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing a new state crime; specifically, a Class A misdemeanor.   This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a).   Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.   *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months.   *See* U.S.S.G. § 7B1.4(a).   The maximum term of imprisonment authorized by statute in this case is two (2) years because the original conviction was a Class C felony.   *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.   *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation

---

[2]   *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Devon Andre Martin, committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Devon Andre Martin, to serve a term of **fourteen (14) months imprisonment**, with no further term of supervision to follow. The Court further recommends credit for any back time due to Mr. Martin as well as placement in the Federal Correctional Complex (FCC) in Beaumont, Texas, as requested.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a

party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of January, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

6